THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN
TURNER, Defendant-Appellant.

First District (1st Division)    No. 62465

Opinion filed April 12, 1976.

James R. Streicker and Steven Clark, both of State Appellate Defender's Office,
of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Eugene J.
Rudnik, Jr., and Larry L. Thompson, Assistant State's Attorneys, of counsel), for
the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

John Turner was indicted for the murder of Frederick Campbell. A
jury found the defendant guilty as charged. He appeals from the
judgment which sentenced him to 15 to 30 years' imprisonment in the
penitentiary. The defendant urges as the sole point for reversal that his
accountability for the murder was not proven beyond a reasonable doubt.

On May 19, 1973, at approximately 2:30 a.m. Frederick Campbell died
in a stairway in an apartment building at 2215 West Lake Street, Chicago.
He was found there by two police officers responding to an anonymous
call. The victim died as a result of a gunshot wound to the head. The
testimony presented by the People placed defendant at the scene of the
crime and established that he made an oral statement to police officers
and a written statement to an Assistant State's Attorney. On the afternoon
of May 22, 1973, the defendant came into the police station and was
questioned concerning the death of Mr. Campbell. In his statement to the
police defendant admitted acting as a lookout for Louis Franklin in an
armed robbery in the building at 2245 West Lake Street, Chicago. In the

commission of a second robbery Louis Franklin fired a gun that caused the death of Mr. Campbell. The defendant maintains that after the completion of the first armed robbery he terminated his participation in any further crime which Franklin was contemplating. He contends that he did not participate in the second robbery which resulted in the death of the victim and that he did not share in the proceeds as he had after the first robbery. He says that he is the one who made the anonymous call to the police station and that he told the police what he knew about the crime. He says that although he was a lookout for the first robbery, he was not a lookout for the second robbery.

The defendant supplied the weapon which was to be used in a series of armed robberies and acted as a "lookout" during two armed robberies. The testimony proves defendant's guilt of murder beyond a reasonable doubt. He gave a gun to Franklin for the purpose of committing several armed robberies that night. He then acted as a lookout for both robberies, the second of which culminated in the death of Mr. Campbell. The record does not support defendant's contention that he withdrew prior to the second armed robbery. Defendant was accountable under section 5—2(c) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, §5—2(c)) unless he effectively withdrew from participation. The statute provides:

"(c) * * * However, a person is not so accountable, unless the statute defining the offense provides otherwise, if:

* * *

(3) Before the commission of the offense, he terminates his effort to promote or facilitate such commission, and does one of the following: wholly deprives his prior efforts of effectiveness in such commission, or gives timely warning to the proper law enforcement authorities, or otherwise makes proper effort to prevent the commission of the offense."

Defendant did none of the acts necessary to escape accountability. The record supports the verdict establishing the guilt of the defendant beyond a reasonable doubt. Therefore, the judgment is affirmed.

Judgment affirmed.

SIMON and O'CONNOR, JJ., concur.